# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GILARDI BURNS, No. 12105,**

        Petitioner,

vs.                                       Case No. 18-cv-1323-DRH

**SHERIFF OF ST. CLAIR COUNTY,**

        Respondent.

## NOTICE OF IMPENDING DISMISSAL

**HERNDON, District Judge:**

Petitioner, a prisoner proceeding *pro se*, filed a habeas corpus action in this District on June 25, 2018. (Doc. 1). Despite attempted correspondence from the Clerk, Petitioner has not yet paid the $5 filing fee for this action, nor has he filed a properly supported motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915.

Further, on June 25, 2018, the Office of the Clerk issued a letter to Petitioner informing him of his case number and informing him of his continuing obligation to keep the Clerk of Court informed of any change to his address. *See* (Doc. 2). This obligation, per the letter, requires Petitioner to notify the Court in writing of his new address within 7 days of a transfer or other change in address. The letter also noted that the Court would not independently investigate his whereabouts. The letter indicated that failure to provide any applicable change of address notifications to the Court could result in dismissal of the action for want of prosecution. On July 3, 2018, the letter was returned as undeliverable to the

1

Court, with the word "gone" on the envelope. *See* (Doc. 3). The address provided by Petitioner therefore seems to be outdated, as of at least July 3, 2018.

The Court attempted to clearly warn Petitioner that failure to inform the Court of any change in his address within seven (7) days of the change could result in dismissal of the case. Further, the Court attempted to warn Petitioner that failure to pay the filing fee or move to proceed *in forma pauperis* within thirty days of June 25, 2018 would result in dismissal of this case. To date, Petitioner has failed to provide the Court with an updated address and has failed to pay his fee or move to proceed *in forma pauperis*. Both deadlines for such actions have passed. This matter cannot linger indefinitely.

**IT IS HEREBY ORDERED** that, within **TWENTY-ONE (21) DAYS** of the date of the entry of this Order (August 20, 2018), Petitioner shall provide the Court with an updated address and pay the $5 filing fee applicable to this action or file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the Petition and an affidavit that includes a statement of his assets. Petitioner is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Petitioner's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

Petitioner is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will

2

exist whether or not Petitioner is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this twenty-one-day period, should Petitioner fail to comply with this order, this case will be dismissed for failure to comply with an order of this Court and/or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.30
16:31:24 -05'00'

**United States District Judge**