# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILARDI BURNS,

        Petitioner,

vs.                                  Case No. 18-cv-1323-DRH

SHERIFF OF ST. CLAIR COUNTY,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Proceeding *pro se*, Petitioner Gilardi Burns filed a Petition pursuant to 28 U.S.C. § 2241 in this District on June 25, 2018. (Doc. 1). On July 3, 2018, a letter sent to Petitioner by the Clerk on the day his Petition was filed was returned to the Court as undeliverable. (Doc. 3). On July 31, 2018, the Court ordered Petitioner to pay his filing fee or file a motion to proceed *in forma pauperis* by August 20, 2018 if he wished to proceed with his claims. (Doc. 4). Petitioner was warned that failure to comply with the Court's Order by the deadline would result in dismissal of the action. *Id.* The Court also warned Petitioner that failure to inform the Court of a change in his address within seven days of the change could result in dismissal of his case. *Id.*

Despite these warnings, Petitioner missed the deadline for paying the fee or submitting a motion to proceed *in forma pauperis*. A week has passed since the

deadline expired. Petitioner has not requested an extension. The Court will not allow this matter to linger indefinitely.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice based on Petitioner's failure to comply with this Court's Order (Doc. 4) dated July 31, 2018. The **CLERK** is directed to **CLOSE** this case.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from

this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th

Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.27 13:22:11
-05'00'

**United States District Judge**